UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-10562-MRA-MAR | Date | December 23, 2024 |
| Title | Beverly Dantzler v. PHH Mortgage Corporation | | |

| | |
|---|---|
| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING IN SUBSTANTIAL PART & GRANTING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND [ECF 19]**

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. ECF 19. The Court read and considered the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **DENIES IN SUBSTANTIAL PART AND GRANTS IN PART** the Motion with leave to amend.

## I. BACKGROUND[1]

Plaintiff Beverly Dantzler ("Plaintiff or Dantzler") filed this fair debt collection putative class action against PHH Mortgage Corporation ("PHH" or "Defendant") on December 18, 2023. ECF 1. Plaintiff owns a residential home located in Inglewood, California with a Federal National Mortgage Association ("Fannie Mae") backed mortgage. ECF 16 ("FAC") ¶¶ 17-18. PHH is a Fannie Mae mortgage servicer. *Id.* ¶ 22. PHH acquires the servicing rights to a portfolio of mortgage loans from Fannie Mae and enters into a standardized subservicing agreement that governs all Fannie Mae backed mortgages. *Id.* ¶ 21. Many of the loans PHH obtains are "in a state of default" or delinquent or will become delinquent. *Id.* ¶¶ 14, 20. When

[1] The factual background is described as alleged in Plaintiff's First Amended Complaint ("FAC"). When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-10562-MRA-MAR | Date | December 23, 2024 |
| Title | Beverly Dantzler v. PHH Mortgage Corporation | | |

loans become more than 45 days delinquent, PHH sends a Notice of Default to borrowers.

On November 1, 2022, PHH sent Plaintiff a Notice of Default ("Notice") after her loan became delinquent. ECF 16-1 (FAC Ex. A) at 4-7. The Notice states that: "Mortgage payments on [Plaintiff's] account are past due, which has caused a default under the terms of the Mortgage or Deed of Trust . . . As of 12/20/2022, the following amounts are past due . . . TOTAL YOU MUST PAY TO CURE DEFAULT: $5,306.46." *Id.* The Notice further states that:

> This amount represents the total amount required to bring the account current as of the date of this letter. If other amounts are advanced on the account or if the next payment due date occurs on or before the submission of the total amount required to cure the default, those amounts will remain on the account until paid.
>
> In order to the cure the default, payment for the entire amount past due, plus any amount(s) becoming due in the interim, must be received on or before 01/24/2023, via the addresses or methods listed on the payment remittance information section included in this notice. Please be aware, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the Security Instrument or mortgage agreement, in addition to the overdue amount on the mortgage account. Any payment to reinstate the mortgage after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received after acceleration that are less than the amount required to reinstate the mortgage may be returned, and may not stop any foreclosure proceedings already begun on the Property. If certain amounts are not collected to reinstate the account, then those amounts are not waived and will remain due on the account until paid.
>
> Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the Security Instrument and sale of the Property. Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including, but not limited to, reasonable attorney's fees and costs. A customer has the right to reinstate the account after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-10562-MRA-MAR | Date | December 23, 2024 |
| Title | Beverly Dantzler v. PHH Mortgage Corporation | | |

The FAC alleges that the Notice was sent to all putative class members to "coerce and intimidate the borrower into paying the entire default amount of the loan." *Id.* ¶¶ 24-25. Specifically, the Notice makes false threats that borrowers' loans may be accelerated, instructs borrowers to make a larger payment than required to avoid acceleration, and scares borrowers into satisfying all arrearages within a false deadline or face acceleration and ultimately foreclosure. *Id.* ¶¶ 29, 35, 39. The Notice is misleading because "[i]f a borrower fails to meet the deadline outlined in the [Notice], nothing happens at all because PHH cannot refer to foreclosure and does not accelerate until the mortgage loan is more than 120 days delinquent." *Id.* ¶ 31. Furthermore, "[a]lthough the [Notice] requires recipients to make a full payment of the default amount by the Expiration Date to avoid acceleration, PHH maintains a practice of not accelerating loans so long as the loan is fewer than 120 days delinquent." *Id.* ¶ 33.

The FAC alleges claims for violations of the (1) Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (2) the Rosenthal Act, Cal. Civ. Code § 1788.2(c); and (3) negligent misrepresentation. ECF 16. Defendant filed its Motion to Dismiss all claims, ECF 19, which Plaintiff opposes, ECF 25.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court "must accept as true all of the allegations contained in a complaint," but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

//

//

//

## III. DISCUSSION[2]

### A. FDCPA (Claim 1)

The FAC alleges that PHH violated two provisions of the Fair Debt Collection Practices Act ("FDCPA"). The first, 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The second, 15 U.S.C. § 1692f, provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." "The FDCPA makes debt collectors strictly liable for misleading and unfair debt collection practices." *Kaiser v. Cascade Cap., LLC*, 989 F.3d 1127 (9th Cir. 2021) (quoting *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175–76 (9th Cir. 2006)).

"To state a FDCPA claim, a plaintiff must allege facts sufficient to establish: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector,' and; (3) the defendant committed some act or omission in violation of the FDCPA." *Abrams v. Planet Home Lending, LLC*, No. CV 21-02906-MWF (EX), 2021 WL 3932306, at *4 (C.D. Cal. July 23, 2021) (quoting *McEwen v. Benedict*, No. 3:20-CV-2364-CAB-LL, 2021 WL 1515574, at *4 (S.D. Cal. Apr. 16, 2021)). "The [Fair Debt Collection Practices Act] was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to [e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692e).

It is undisputed that Plaintiff was the object of collection activity arising from a consumer

---

[2] PHH attaches multiple exhibits to its Motion without making a formal request for judicial notice or incorporation by reference. PHH simply states that "Plaintiff's claims are based on communications that PHH allegedly sent in connection with its role as the servicer of Plaintiff's loan, which is governed by the Notice and Deed of Trust. As such, those documents are incorporated by reference in the Complaint and the Court can consider them in evaluating this Motion." ECF 19 at 8. In her Opposition, Plaintiff argues that the exhibits are not referenced in the FAC, not central to Plaintiff's claims, not authenticated, and not properly incorporated by reference or the subject of judicial notice. ECF 25 at 14-15. The Court finds that these documents are not incorporated by reference into the FAC and therefore did not rely on them for purposes of deciding this Motion.

debt. The only question before the Court therefore is whether Plaintiff has sufficiently alleged that (1) PHH qualifies as a debt collector under the FDCPA[3] and (2) PHH committed some act or omission in violation of the FDCPA.

As an initial matter, the Court finds that Plaintiff cannot allege a claim under Section 1692e of the FDCPA, which pertains to "false or misleading representations." "An entity does not become a general 'debt collector' if its only role in the debt collection process is the enforcement of a security interest." *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 573 (9th Cir. 2017) (citations omitted). Plaintiff alleges that "PHH is a servicer of mortgages for residential housing loans" and "earns money based upon a percentage of the funds that it collects from consumers' mortgage payments as well as through the assessment of late fees and other penalties." FAC ¶ 19. "[I]t is beyond dispute that a mortgage servicer is not a debt collector under the FDCPA's primary definition of debt collector." *Seymour v. Fay Servicing, LLC*, No. CV 21-1666-PSG, 2021 WL 6499937, at *5 (C.D. Cal. Aug. 25, 2021) (finding plaintiffs' claims under 1692e failed as a matter of law because plaintiffs alleged that defendant "regularly attempt[ed] to collect debts owed to others through its mortgage servicing division"); *Mohanna v. Carrington Mortg. Servs. LLC*, No. 18-CV-02563-WHO, 2018 WL 3730419, at *5 (N.D. Cal. Aug. 6, 2018) ("As the Ninth Circuit explained in *Dowers* . . . mortgage servicers (like [defendant]) do not generally engage in debt collection covered by the FDCPA when they take steps to enforce a security interest, including demands to make a loan current to avoid foreclosure.").

Plaintiff, however, can allege a claim under Section 1692f of the FDCPA, which pertains to "unfair practices," because PHH enforces security interests. In *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019), the Supreme Court explained that Congress chose to treat security enforcement differently than ordinary debt collection to avoid conflicts with state nonjudicial foreclosure schemes. *See id.* at 477 ("But for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the [FDCPA]."). Thus, "the FDCPA regulates security interest enforcement activity . . . only through Section 1692f(6)." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017); *see also*

[3] The FDCPA generally defines "debt collector" as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *see also Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 998 (9th Cir. 2020) (explaining that the FDCPA defines "debt collector" principally as "someone who uses commerce to collect money debts owed to another").

*Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 990 (9th Cir. 2017) ("We held that where an entity is engaged solely in the enforcement of a security interest and not in debt collection . . . it is subject only to § 1692f(6) rather than the full scope of the FDCPA."); *Derrick v. Nationstar Mortgage*, LLC, No. ED CV17-01645 JAK (SP), (C.D. Cal. 2018) (finding that defendant "was engaged in enforcement of the Deed of Trust, a security interest," and therefore was a debt collector under Section 1692f, but not "under the remaining FDCPA provisions").

Under Section 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement" is a violation of Section 1692f. 15 U.S.C. § 1692f(6)(A)-(C).

PHH argues that Plaintiff's Section 1692f(6) claim must be dismissed because the Notice of Default did not threaten *immediate* acceleration and foreclosure of Plaintiff's loan or imminent non-judicial sale of Plaintiff's property. ECF 26 at 12-13. The Notice "merely advise[d]" borrowers of potential outcomes if they did not cure their defaults. *Id.* at 21. PHH simply communicates the possibility of *potential* action at an unspecified time in the future. *Id.* at 7.

The Court disagrees with Defendant and finds that Plaintiff has plausibly stated a claim under Section 1692f(6)(B). The FAC alleges that the Notice instructs borrowers to make a larger payment than what is in fact required to avoid acceleration of their loans by a specific deadline. However, "[i]f a borrower fails to meet the deadline outlined in the [Notice], nothing happens at all" because "PHH maintains a practice of not accelerating loans so long as the loan is fewer than 120 days delinquent." FAC ¶¶ 31, 33. Thus, Plaintiff alleges that the Notice presents "a false ultimatum" that homeowners "must satisfy all arrearages within the false deadline identified in the [Notice], or face acceleration of all outstanding amounts under the Note immediately due and payable" and risk losing their homes. *Id.* ¶ 86. Based on these factual allegations, Plaintiff has plausibly stated a claim that PHH threatened foreclosure even though it had "no present intention to take possession of [Plaintiff's] property." 15 U.S.C. § 1692f(6)(B). *See also Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) ("Whether conduct violates [FDCPA] §§ 1692e or 1692f requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication.").

It is not clear from the FAC whether Plaintiff also alleges a violation of Section 1692f(6)(A) or (C). If so, the Court finds that Plaintiff has not satisfied the Rule 12(b)(6) standard. The FAC does not allege facts indicating that PHH did not have the present right to possession of the property or that her property was somehow exempt by law from dispossession or disablement. For example, there is no allegation that PHH did not have the right to eventually foreclose on Plaintiff's property if the default was not cured. *See, e.g.*, *Bushlow v. MTC Fin.*, No. 17-cv-06771-HRL, 2018 WL 1745803, at *6 (N.D. Cal. Apr. 11, 2018) ("[P]laintiff presents no facts to suggest that his property was exempt from dispossession."). Therefore, these other claims fail.

Accordingly, the Motion to Dismiss is **DENIED** as to the FDCPA claim under Section 1692f(6)(B) but otherwise **GRANTED** as to any claims under Sections 1692e, 1692f(6)(A), and 1692f(6)(C).

### B. Rosenthal Act (Claim 2)

The Rosenthal Act prohibits "debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1(b). The provisions of the FDCPA are incorporated into the Rosenthal Act such that "a violation of the FDCPA is *per se* a violation of the Rosenthal Act." *Best v. Ocwen Loan Servicing, LLC*, 64 Cal. App. 5th 568, 576 (2021); *see also* Cal. Civ. Code § 1788.17. In the Ninth Circuit, courts "presume that the FDCPA permits plaintiffs to recover additional damages under state law." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1067 (9th Cir. 2011).

To state a claim under the Rosenthal Act, a plaintiff must establish that (1) they are a "consumer," (2) who was the object of a collection activity arising from a "debt," (3) the defendant is a "debt collector," and (4) the defendant violated a provision of the FDCPA. *Flores v. Collection Consultants of California*, No. SA CV 14–0771–DOC (RNBX), 2015 WL 4254032, at *4 (C.D. Cal. Mar. 20, 2015); *see also Langston v. Gateway Mortg. Grp., LLC*, No. 5:20-CV-01902-VAP-KKX, 2021 WL 234358, at *2 (C.D. Cal. Jan. 15, 2021).

Plaintiff has plausibly stated a Rosenthal Act claim because all four elements are met here. First, the Rosenthal Act explicitly states that "[t]he term 'consumer debt' includes a mortgage debt." Cal. Civ. Code § 1788.2(f). Second, PHH is a debt collector because "the Rosenthal Act's definition of 'debt collector' applies to a mortgage servicer who engages in debt collection practices in attempting to obtain repayment of mortgage debt." *Davidson v. Seterus, Inc.*, 21 Cal. App. 5th 283, 304 (2018); *see also Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011) ("[A] mortgage servicer may be a 'debt collector'

under the Rosenthal Act even if it is the original lender, whereas, such an entity would be excluded from the definition of debt collector under the federal act."). Furthermore, "a nonjudicial foreclosure can be 'debt collection' by a 'debt collector' so as to trigger the protections of the Rosenthal Act." *Best v. Ocwen Loan Servicing, LLC*, 64 Cal. App. 5th 568 (2021). Finally, as explained above, Plaintiff has plausibly alleged that PHH violated Section 1692f(6)(B) of the FDCPA.

Because Plaintiff can plausibly state a claim under the Rosenthal Act, Defendant's Motion is **DENIED** as to this claim.

### C. Negligent Misrepresentation (Claim 3)

Claims sounding in fraud or mistake have a heightened pleading standard under Federal Rule of Civil Procedure 9(b). "[I]ntentional misrepresentation, fraud, and negligent misrepresentation are all fraud-based claims, and must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Avakian v. Wells Fargo Bank, N.A.*, 827 F. App'x 765, 766 (9th Cir. 2020) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)). "Many district courts in California have concluded that the particularity requirement of Fed. R. Civ. P. 9(b) applies to claims for negligent misrepresentation." *Derrick v. Nationstar Mortgage, LLC*, No. ED CV17-01645 JAK (SP), (C.D. Cal. 2018) (collecting cases).

The Rule 9(b) heightened pleading standard "demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). To satisfy this standard, Plaintiff must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). Plaintiff must also "set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

"The essential elements of a count for intentional misrepresentation are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." *Khalil v. Allstate Ins. Co.*, No. 220-CV-09409-MCS-JEM, 2021 WL 8315159, at *6 (C.D. Cal. June 28, 2021) (quoting *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 230-31 (2013)). "The elements of negligent misrepresentation are similar to intentional fraud except for the requirement of scienter; in a claim for negligent misrepresentation, the plaintiff need not allege the defendant made an intentionally false statement, but simply one as to which he or she lacked any reasonable ground for believing the statement to be true."

*Charnay v. Cobert*, 145 Cal. App. 4th 170, 184 (2006). "Negligent misrepresentation requires a positive assertion to show a misrepresentation of a material fact; an omission or an implied assertion will not suffice." *Carbajal v. HSBC Bank U.S.A., N.A.*, No. CV-169297-PSG-FFM, 2017 WL 7806585, at *6 (C.D. Cal. Apr. 20, 2017) (citations omitted).

PHH argues that the negligent misrepresentation claim should be dismissed because Plaintiff has not alleged a misrepresentation of a past or existing material fact or justifiable reliance. ECF 19 at 22. As for misrepresentation, PHH argues that it is "unreasonable" to interpret the Notice as an immediate threat to accelerate and foreclose on the loan. *Id.* As for justifiable reliance, PHH argues that Plaintiff "[did] not allege that she accepted the invitation of the Notice to discuss alternative options further with PHH." *Id.*

The Court disagrees with PHH. Plaintiff has sufficiently alleged that the Notice contains misleading information about the timing and amount of money that must be paid to avoid acceleration and foreclosure. The Notice states that the "TOTAL [PLAINTIFF] MUST PAY TO CURE DEFAULT" was $5,306.46, and that "[i]n order to cure the default, payment for the entire total amount past due, plus any amount(s) becoming due in the interim, must be received on or before 01/24/2023," which would be within 35 days of the Notice and after 85 days of delinquency. ECF 16-1 at 5; ECF 25 at 18. The Notice contains plausible negligent misrepresentations because "PHH maintains a practice of not accelerating loans so long as the loan is fewer than 120 days delinquent," and therefore the Notice "materially deceives consumers into believing their loans *may* be accelerated if they fail to fully cure their default prior to the Expiration Date." Compl. ¶¶ 33-34. According to Plaintiff, PHH intentionally made these misrepresentations to induce borrowers into making greater payments than what was actually owed by the deadline included in the Notice. Plaintiff also adequately pleads justifiable reliance because she alleges that she relied on these misrepresentations and made mortgage payments when she could have made a partial payment and used the remaining funds for other things, such as such as necessary living expenses. *Id.* at ¶ 104; ECF 25 at 32.

Accordingly, Defendant's Motion is **DENIED** as to this claim.

### D. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that once the time for amending a pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In general, "[t]he court should freely give leave when justice so requires." *Id.* At base, "leave to amend should be granted if it appears *at all possible* that the plaintiff can correct the defect." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), 1130 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-10562-MRA-MAR | Date | December 23, 2024 |
| Title | Beverly Dantzler v. PHH Mortgage Corporation | | |

Cir. 2013)).

Here, the Court finds that granting leave to amend any claim under Section 1692e would be futile. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)). Plaintiff cannot cure that PHH is not a debt collector under Section 1692e.

Although the Court has trouble seeing what, if any, claims Plaintiff could bring under Sections 1692f(6)(A) or (C), it nonetheless grants leave to amend those claims because there has been no "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, there is no evidence that Plaintiff has acted with bad faith or dilatory motive, or that Defendant will be prejudiced by further amendment. Though amendment is permitted, Plaintiff should be mindful to cure the Complaint's deficiencies consistent with this Order.

Plaintiff is **GRANTED LEAVE TO AMEND** the pleading, correcting the deficiencies identified herein in a manner consistent with all Rule 11 obligations. Any amended complaint shall be filed within **21 days** of the date of this Order. Plaintiff shall attach to the amended complaint a redline copy reflecting all additions and deletions of material from the First Amended Complaint. Any claim not included in a timely-filed amended complaint will be deemed dismissed without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **DENIED IN SUBSTANTIAL PART** and **GRANTED IN PART** with partial leave to amend.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk gga